UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION


YURY ROMAN,

    Plaintiff,

v.                                                      Case No. 8:09-CV-00788-T-17-MAP

COVENTRY HEALTH CARE, INC.,

    Defendant.

_____/


## ORDER ON DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, MOTION TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL, AND MOTION TO STRIKE PLAINTIFF'S CLAIM FOR ATTORNEY FEES

    This cause comes before this Court on Defendant's Motion to Dismiss Plaintiff's Complaint, Motion to Strike Plaintiff's Demand for Jury Trial, and Motion to Strike Plaintiff's Claim for Attorney Fees (Doc. 5) filed on April 28, 2009, and Plaintiff's response thereto (Doc. 15). For the reasons set forth below, the Defendant's motions are **DENIED**.

### I.    BACKGROUND

    Plaintiff, Yury Roman (Plaintiff), is a resident of Mulberry, Florida. Defendant, Coventry Health Care, Inc. (Defendant), is a foreign insurance company authorized to do business in Florida. Plaintiff and Defendant were parties to an insurance contract. On or about July 1, 2008, Plaintiff was admitted to St. Joseph's Women's Hospital for treatment related to trauma Plaintiff was experiencing as a result of her pregnancy.

Plaintiff filed a Complaint (Doc. 2) against Defendant in the Tenth Judicial Circuit for Polk County, Florida. Plaintiff alleges in her Complaint that the services Plaintiff received at St. Joseph's Women's Hospital were covered benefits under her insurance contract with Defendant and, as a result of Defendant's failure to pay for such services, Defendant is in breach of contract. Based on Defendant's alleged breach of contract, Plaintiff seeks four things. First, Plaintiff seeks to have Defendant cover Plaintiff's medical expenses in accordance with the insurance contract. Second, Plaintiff asserts that, pursuant to Section 627.428 of the Florida Statutes, Plaintiff is entitled to attorney fees incurred as a result of this action. Third, Plaintiff seeks a declaratory judgment of the respective rights, duties, and obligations of the parties in accordance with the insurance contract. Last, Plaintiff seeks to have this Court compel Defendant to produce the insurance contract, as Plaintiff has refused to provide Plaintiff with a copy.

On April 27, 2008, Defendant filed a Notice of Removal (Doc. 1) with this Court. In Defendant's Notice of Removal, Defendant alleges that Plaintiff's claims fall under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. sections 1001, *et. seq*. As a result of Plaintiff's claims falling under ERISA, Defendant contends that Plaintiff's claims are preempted by federal law and, therefore, Plaintiff's claims were properly removed to federal court.

On April 28, 2008, Defendant filed its Motion to Dismiss Plaintiff's Complaint, Motion to Strike Plaintiff's Demand for Jury Trial, and Motion to Strike Plaintiff's Claim for Attorney Fees. First, in Defendant's Motion to Dismiss Plaintiff's Complaint, Defendant states that in

order for there to be ERISA preemption of Plaintiff's breach of contract claim, Plaintiff's claim must exhibit the four characteristics laid out in *Butero v. Royal Macabees Life Ins. Co*., 174 F.3d 1207, 1212 (11th Cir 1999).  Second, in Defendant's Motion to Strike Plaintiff's Demand for Jury Trial, Defendant cites *Shaw v. Connecticut General Life Ins. Co.,* 353 F.3d 1276, 1286 (11th Cir. 2003), which states that there is no right to a jury trial in ERISA claims.  Third, in Defendant's Motion to Strike Plaintiff's Claim for Attorney Fees, Defendant cites *Seamon v. M. I. Vaughn*, 921 F.2d 1217, 1219 (11th Cir. 1991), which stands for the proposition that ERISA preempts state law on the issue of whether attorney fees are awardable.

On May 27, 2009, Plaintiff filed Plaintiff's Memorandum of Law and Response to Defendant's Motion to Dismiss, Motion to Strike Demand for Jury Trial, and Motion to Strike Claim for Attorney Fees (Doc. 15).  In the response, Plaintiff specifically mentions that there is nothing in Plaintiff's Complaint conceding either that her insurance policy with Defendant is an ERISA plan, or that the Defendant is an ERISA entity, which are necessary to satisfy the first and third elements of complete preemption.  Moreover, Plaintiff contends that because Defendant has failed to provide a copy of the insurance contract, Plaintiff is unable to appropriately determine whether ERISA preempts her claim.

## II.  DISCUSSION

All of Defendant's motions and, ultimately, whether Plaintiff's action was properly removed to federal court, are dependent upon Defendant's conclusion that Plaintiff's claims are preempted by ERISA.  In *Butero*, the 11th Circuit set out four elements that must be present for ERISA "complete preemption" to become operative. 174 F.3d at 1211. Complete preemption

requires: (1) an ERISA plan, (2) that the plaintiff has standing to bring suit under the plan, (3) that the defendant is an ERISA entity, and (4) that the complaint seek compensatory relief akin to that available under section 1132(a), which is oftentimes a claim for benefits due under the plan. *Id.* at 1212. When these elements characterize a plaintiff's claim, complete preemption is triggered and federal subject-matter jurisdiction is present. Without each of these elements, federal subject-matter jurisdiction is absent for purposes of ERISA and a plaintiff's causes of action is not preempted.

At least three of the elements required for complete preemption are in dispute. The first element for complete preemption requires an "employee welfare benefit plan" or, put differently, an ERISA plan. 29 U.S.C. §1002(1). An employee welfare benefit plan is defined as "any plan, fund, or program which was . . . established or maintained *by an employer or by an employee organization* . . . ." *Id*. (Emphasis added.) Nothing in either Plaintiff's Complaint or Defendant's Motion to Dismiss mentions or suggests that the insurance contract between Plaintiff and Defendant was established or maintained by an employer or employee organization. Moreover, without being provided with a copy of the insurance contract, neither Plaintiff nor this Court can determine whether the insurance contract constitutes an ERISA plan. For both these reasons, the first element under *Butero* has not been satisfied.

The second element of complete preemption requires that the plaintiff have standing to bring suit under the ERISA plan. *Butero*, 174 F.3d at 1212. Standing requires that a person is a beneficiary or potentially beneficiary of some benefit under an ERISA plan. *Id.* To determine whether a person is a beneficiary or potential beneficiary, it must first be established that there is

4

an ERISA plan. Only after determining that there is an ERISA plan may the court determine, by inspecting the plan, whether a person is a beneficiary or potential beneficiary. However, without being provided with a copy of the insurance contract between Plaintiff and Defendant, this Court can determine neither that there is an ERISA plan, nor that Plaintiff is a beneficiary or potential beneficiary with standing to bring suit.

The third element of complete preemption requires that the defendant is an ERISA entity. *Id.* at 1212. In order for the Defendant to be an ERISA entity, the court must first determine that there is an ERISA plan. *Id.* at 1213. As stated in the preceding two paragraphs, until this Court is provided with a copy of the contract between Plaintiff and Defendant, this Court cannot determine whether there is an ERISA plan, which is a prerequisite to determining whether the Defendant is an ERISA entity. *Id.* As a result, this Court is unable to conclude that the Defendant is an ERISA entity.

Defendant's contention that this Court should dismiss Plaintiff's action as preempted by ERISA is misguided, at least at this point in litigation. Defendant has failed to provide this Court or Plaintiff with a copy of the insurance contact, and Plaintiff has not conceded that her action is preempted by ERISA. The very essence of the four-prong test enunciated in *Butero* is that the court should not blindly accept a defendant's contention that a claim is governed under ERISA. Rather, the court is to apply a thorough test, only after which the court is to make a determination whether a plaintiff's state law claim is preempted by ERISA. This Court cannot make this determination without Defendant producing the insurance contract.

## III. CONCLUSION

In order for Plaintiff and, ultimately, this Court to make an informed determination whether Plaintiff's claim is preempted by ERISA, Defendant must produce a copy of the insurance contract. Accordingly, it is

**ORDERED** that Defendant's motions are **DENIED**. Furthermore, Defendant is ordered to produce the insurance contract to the Plaintiff within ten (10) days of this order. After Defendant has produced the insurance contract, Plaintiff is presented with the decision whether Plaintiff should, on the one hand, contest the removal of this action and move to have Plaintiff's action remanded to state court or, on the other hand, concede that Plaintiff's action is preempted by ERISA and amend Plaintiff's complaint as an action under ERISA. In the event that Defendant fails to produce the insurance contract within ten (10) days, this Court will *sua sponte* remand Plaintiff's action to state court upon notice by Plaintiff that the contract was not produced as ordered.

**DONE AND ORDERED** in Chambers at Tampa, Florida on this 8th day of July, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record